IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JORGE FLORES                                                                    PETITIONER
ADC #152918

V.                                   5:14-cv-00387-KGB-JTK

WENDY KELLEY, Director,                                           RESPONDENT
Arkansas Department of Correction[1]


PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District

Court Judge Kristine G. Baker. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection. If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection. An original and one copy of your

objections must be received in the office of the United States District Court Clerk no

later than fourteen (14) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include

---

[1]Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal
Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

<u>DISPOSITION</u>

Petitioner Jorge Flores, an inmate at the Arkansas Department of Correction, filed this petition for a writ of habeas corpus (Doc. No. 2), pursuant to 28 U.S.C. § 2254. For the following reasons, the Court recommends the district court deny Mr. Flores's petition.

I.     PROCEDURAL HISTORY

On August 1, 2012, Mr. Flores pleaded guilty to first degree murder in the Sebastian County Circuit Court. (Doc. No. 10-1 at 8.) Mr. Flores agreed to serve thirty

years in the Arkansas Department of Correction. (*Id.* at 6.) The court filed its judgment

on August 6, 2012, and Mr. Flores did not appeal that judgment. (Doc. No. 10-3 at 1.)

Mr. Flores did not file any further motions in state court. (*See* Doc. No. 2.)

II.     ANALYSIS

        In his petition, Mr. Flores argues that he is entitled to relief on four grounds: (1)

ineffective assistance of trial counsel, (2) lack of due process because trial counsel

coerced him to plead guilty, (3) actual innocence, and (4) ineffective assistance of post-

conviction counsel. (Doc. No. 2 at 3-7.)

        A district court has jurisdiction to entertain a petition for a writ of habeas corpus

on behalf of a prisoner in custody pursuant to a state court judgment. 28 U.S.C. §

2254(a) (2006). The only issue the district court may consider is whether a prisoner is

in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A prisoner must file the petition for a writ of habeas corpus within one year after the

state court judgment "became final by the conclusion of direct review or the expiration

of the time for seeking such review" unless one of the statutory exceptions apply. 28

U.S.C. § 2244(d)(1) (2006). While a properly-filed application for State post-conviction

relief or other collateral review is pending, the time "shall not be counted toward any

period of limitation under this subsection." *Id.* at (d)(2).

        Even when the statutory exceptions do not apply to a petitioner's claim, the

statute of limitations for filing a petition for a writ of habeas corpus can be tolled for

equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is

3

'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Flores's petition is not timely. The state court filed its judgment on August 6, 2012. From that date, Mr. Flores had thirty days to file an appeal in the state court before the statute of limitations began running. *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015). Therefore, Mr. Flores had until September 6, 2013, to file his petition for a writ of habeas corpus. He did not do so until October 23, 2014, making his petition untimely.

None of the statutory exceptions apply to Mr. Flores's claim. Mr. Flores argues that there was an "impediment to filling an application created by State action in violation of the Constitution or laws of the United States," and it was removed within one year of filing his petition for a writ of habeas corpus. (Doc. No. 2 at 9, Doc. No. 11 at 8 (quoting 28 U.S.C. § 2244(d)(1)(B) (2006)).) Although Mr. Flores asserts that this exception applies, he does not state what impediment was created by state action, or when it was removed. Therefore, Mr. Flores did not prove that the § 2244(d)(1)(B) exception applies to his case.

Mr. Flores also claims that he could not have discovered the factual predicate of his claim or claims until the past year. (Doc. No. 2 at 9, Doc. No. 11 at 9 (quoting 28 U.S.C. § 2244(d)(1)(D) (2006)).) Mr. Flores does not state what the factual predicate of his claims are, or why they were not discoverable until within the past year. After

4

reviewing all of Mr. Flores's claims, the Court finds that Mr. Flores knew or could have discovered the factual predicates of all his claims at the time of his guilty plea. Therefore, Mr. Flores did not prove that the § 2244(d)(1)(D) exception applies to his case.

Mr. Flores's petition is not entitled to equitable tolling. Mr. Flores did not produce any evidence to show that he has been pursuing his rights diligently. The evidence Mr. Flores presented is that he did not file anything in any court for over two years after he pleaded guilty. Since Mr. Flores has not shown that he has been pursuing his rights diligently, his petition is not entitled to equitable tolling.

In his reply brief, Mr. Flores argues that his petition is entitled to equitable tolling because he is not proficient in English. The Eighth Circuit previously has rejected that argument. *Mendoza v. Minnesota*, 100 Fed. Appx. 587, 588 (8th Cir. Mar. 19, 2004) (adopting *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), for the proposition that a claim of equitable tolling should be rejected when the petitioner submits court filings in readable English). Therefore, Mr. Flores's lack of proficiency in English does not entitle him to equitable tolling.

If Mr. Flores's petition is liberally-construed to argue that he is entitled to equitable tolling because he could not receive other inmates' help in writing his petition, he is not entitled to equitable tolling on this ground because a habeas petitioner is not entitled to any sort of legal help. *McCleskey v. Zant*, 499 U.S. 467, 495 (1987).

III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the district court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Mr. Flores has made a substantial showing of a denial of a constitutional right. Thus, the district court should not issue a certificate of appealability.

IV.     CONCLUSION

Mr. Flores's petition for writ of habeas corpus (Doc. No. 2) is not timely and should be denied, dismissing this action in its entirety with prejudice. The district court should not issue a certificate of appealability.

IT IS SO ORDERED this 7th day of July, 2015.

_____
United States Magistrate Judge