IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JORGE FLORES                                                                                               PETITIONER
ADC #152918

v.                             Case No. 5:14-cv-00387-KGB-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                                            RESPONDENT

## ORDER

The Court has received the Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 14). After careful review of the Proposed Findings and Recommendations and the timely objections thereto (Dkt. No. 15), as well as a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendations should be, and are hereby, approved and adopted as this Court's findings in all respects in their entirety. Judgment shall be entered accordingly. The Court will not issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

The Court writes separately to address petitioner Jorge Flores's objections (Dkt. No. 15). First, Mr. Flores asserts a state-created impediment to filing his petition in violation of the Constitution or laws of the United States. Such an impediment would be a statutory exception to the one-year statute of limitations for filling a petition for a writ of habeas corpus. *See* 28 U.S.C. §2244(d)(1)(B). Specifically, Mr. Flores states that his interpreter at trial "vanished" after his guilty plea "never to be legally had as available . . . during any relevant period of his detention," which required him to learn English (Dkt. No. 15, at 2-3). However, Mr. Flores does not have a

federal right to an interpreter during detention or to assist with a habeas petition, so any such impediment is not in violation of the Constitution or laws of the United States.

Second, Mr. Flores expands on his argument that his petition is entitled to equitable tolling because he is not proficient in English and needed "to learn and comprehend the [E]nglish language while he research[ed] the . . . facts of trial proceeding[]s and applied such to his cause of action in a federal court" (*Id.* at 5). Mr. Flores has not shown that his lack of proficiency in English prevented him from accessing the Courts. *See Mendoza v. Minnesota*, 100 Fed. App'x 587, 588 (8th Cir. 2004) (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that lack of proficiency in English does not toll the limitations period if it does not prevent the prisoner from accessing the courts)). Particularly, Mr. Flores does not allege that he exerted any effort to procure legal materials in his own language or that he sought translation assistance from anyone. *See Castro-Gaxiola v. United States*, 665 F. Supp. 2d 1049, 1053 (W.D. Mo. 2009) (citing *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (holding that for lack of proficiency in English to be grounds for equitable tolling petitioner must show "he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source")). Instead, Mr. Flores makes general claims that he did not have an interpreter and did not receive help from the prison's law library (Dkt. No. 11, at 11-12).

SO ORDERED this the 30th day of July, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE